## CARLISLE vs. BURLEY.

In a suit upon a contract arising, or for a tort committed, after the death of the testator, it is not necessary for the executor to declare in his official capacity.

In an action of trover by an executor for the conversion of goods since the decease of the testator, a legatee under the will is a competent witness, the event of the suit having no tendency to increase or diminish the assets.

The property in the goods in an action of trover is not changed by the default of the defendant, but by the recovery of judgment against him.

Where the personal estate of a testator, being chiefly neat stock, was suffered to remain on his farm, as before his death, in the hands of the residuary legatee, with an understanding that he would pay the legacies to his sisters, which would not become due till several years afterwards, but which he neglected to pay ;—it was holden that the residuary legatee was only the bailee of the executor, and was answerable to him in trover for the goods, if they should be requisite in order to pay the legacies.

THIS was an action of trover for certain goods enumerated in the inventory of the estate of the late *Andrew Burley*, Esq ; and was tried upon the general issue, and a plea of the statute of limitations, before the Chief Justice, at the last *September* term.

At the trial the following facts appeared. The plaintiff, being executor of the will of Mr. *Burley*, which was proved in the year 1811, duly returned an inventory of the property which came to his hands, including the goods sued for in this action ; and in 1823 settled an account at the Probate office, in which he charged himself with the personal estate as inventoried, and prayed allowance of the amount of the furniture and other articles sued for, as left with the family for their benefit and for the management of the farm; which account the Judge of Probate allowed.

The testator by his will gave legacies of cows, calves and sheep, to each of his three daughters ; one of which cows was to

be delivered over in a year after his decease, and the residue were made payable in twelve years after that event, " unless it could be done sooner with conveniency." He constituted his son *John*, the defendant, residuary legatee of the personal estate, and devised to him all the real estate, providing that his widow should have a comfortable support out of his estate, to be furnished by his son *John* ; which provision she waived. The defendant, at the decease of his father, was a boy of fourteen years old ; and was soon after placed under the guardianship of his brother in law *Hasty* ; but continued to live with his mother, and assisted in the management of the farm, under the advice of his guardian. All the debts of the deceased were paid ; and the personal property was all permitted to remain in the house and on the farm, as the most convenient arrangement, with the understanding that the defendant would pay the legacies to his sisters. Only a part, however, of the legacies had been paid by the defendant ; the residue being due, though not specially demanded. A short time before the commencement of this action the plaintiff read to the defendant a copy of the inventory, and demanded four hundred dollars worth of the goods named in it ; to which the defendant replied that he had nothing to do with them.

The plaintiff at the trial offered as witnesses one of the legatees, and *Hasty*, the husband of another, who were objected to as incompetent on the ground of interest, but the Judge admitted them.

It appeared that the widow some years since had removed from the farm, taking with her a part of the furniture ; since which the defendant had resided on the farm and managed it as he pleased ;—and that certain other of the goods had been carried away by another person.

It also appeared that the plaintiff had brought another action against the widow, for the same property sued for in this action ; and that she had been defaulted, and the cause now stood continued for judgment.

The defendant also produced a receipt for about forty dollars, signed by the plaintiff, in full of all demands against *the estate* of the testator ; but it appeared that at the time it was signed

nothing was said of legacies, and that it had no relation to the property sued for in this action. The personal estate was inventoried at nearly 800 dollars.

Upon this evidence the Chief Justice instructed the jury that the plaintiff was by law answerable for the property inventoried, and could maintain this action in his own name, without declaring as executor;—that the demand of the property as made and proved, connected with the defendant's answer, was good evidence of a conversion;—that the action against the widow, could have no effect on this suit;—that if they believed that the property was left in the hands of the defendant by mutual consent and with the understanding above stated, he was not liable until after a demand and refusal; and that the statute of limitations did not attach itself to the case till such demand and refusal, which being but a short period before the suit was commenced, the plea of the statute was not supported;—that the legacies not being payable till after twelve years from the decease of the testator, the executor was still liable to the legatees; and therefore had a right to recover of the defendant so much of the property or its value, as would enable him to pay the legacies still due, if so much remained in the hands of the defendant, which it was for them to determine;—and that as to the receipt, they would judge from its terms, and from the other evidence, whether it was intended to bar this action, or only to discharge any claims of the plaintiff against the estate of the testator. And under these instructions they found a verdict for the plaintiff, which was taken subject to the opinion of the whole Court whether, upon the evidence as reported by the Judge, the jury were rightly instructed.

*Emery*, for the defendant, admitted the general principle that an executor may sue in his own capacity for the goods of the testator, without disclosing his office on the record, he being liable for the property. But he contended that as against an heir or residuary legatee, the executor could have no claim but by virtue of his office, which must be set forth in the writ, it being the foundation of his right of action. 2 *D. & E.* 477. 11 *Mass.* 329. *Latch* 214. Nor need the omission of his office be pleaded in abatement, because it goes to the merits of the action.

Carlisle v. Burley.

The witnesses, he insisted, were improperly admitted, because, being legatees, they were interested in the estate, and so came within the principle of *White v. Derby* 1 *Mass.* 239.

He also urged that the action against the widow, in its present situation, was a bar to this suit. In that action the plaintiff has alleged that *she* had converted the same property to her own use; and her default, being made by the statute a judicial confession that the charge in the declaration is true, is now become evidence of record that she has done so. This brings the case precisely within the principle of *Adams v. Broughton* 2 *Stra.* 1078, that a recovery against one in trover vests the property of the goods in the defendant. The widow is now entitled to the benefit of this confession of record; of which the plaintiff cannot deprive her by the contrivance of keeping the action on foot by continuances for judgment. He is now seeking damages, not for the conversion of *his* property, but of her own.

The receipt, he argued, was substantially a discharge of the defendant from all claims *on account* of the estate of the testator, and shewed an assent of the executor that the defendant should afterwards enjoy the property as residuary legatee.

But he insisted strongly on the point that the property having been delivered to the defendant as residuary legatee, by the executor, it could not be reclaimed. The executor is allowed to judge whether he will pay a legacy or not; and if so, upon what terms. But his assent to a legacy, if not absolute, can only be on condition *precedent*. It cannot be on condition subsequent. Such condition is void, and the assent of the executor is absolute and irrevocable. Here the delivery to the defendant was with the intent that the goods should be *his own*; and this vested the property in the legatee, and took effect by relation to the death of the testator. 1 *Com. Dig.* 343, *tit. Administration C.* 8. *Off. Ex.* 340. *Toller's Ex.* 310, 311. 10 *Rep.* 52. *Leon.* 130, 131. 1 *Saund.* 278. *Noel v. Robinson* 2 *Ventr.* 385. *Cowp.* 284, 289. *Doe v. Guy* 3 *East* 120. *Paramour v. Yardley Plowd.* 339. 4 *Rep.* 28. *Young v. Holmes* 1 *Stra.* 70.

*J. Holmes* and *Goodenow*, on the other side, contended that the conversion being since the decease of the testator, the action was

rightly brought in the plaintiff's private capacity;—that the witnesses were merely in the character of creditors, and therefore competent;—and that the cases of assent cited on the other side, were cases of specific legacies, and not of residuary bequests. And they examined at large the provisions of the will, and the evidence reported, to shew that it was the intent of the testator that the property should remain on the farm, under the general superintendence of the executor, who was to pay out the legacies as the stock might increase, at his discretion; and that the persons in whose custody the property was left, were only the bailees of the executor, out of whose hands he might at any time recall it.

WESTON J. delivered the opinion of the Court, as follows.

Upon the decease of the testator, his personal property vested in the plaintiff, his executor, to be administered according to the provisions of the will, and the requirements of law. Upon contracts arising, or torts committed, in relation to this property, after the testator's death, the action is properly brought in the name of the executor, in his individual capacity; and he is answerable over for the faithful fulfilment of his trust.

With regard to the competency of the witnesses objected to, neither their claim under the will, nor their remedy against the plaintiff, can be affected by the event of this suit. The fund, placed at his disposal, was abundantly sufficient for the payment of all the bequests in the will; and whether he managed it providently, or wasted it, or lost it by his negligence, his responsibility to the legatees would remain the same. If he prevails in this action, he may be the better able to discharge his duty to them; but their situation, in this particular, differs not from that of a creditor, who is a competent witness for his debtor. The case cited from 1 *Mass.* 239, is very briefly reported; but it appears to have been an action for a sum of money, alleged to be due to the estate of the testator, brought by the executrix, as such. The assets therefore would necessarily be increased by a recovery in that action; and thus the heir, entitled to a distributive share, directly interested. But the event of this suit can have no tendency either to increase or diminish the assets.

Carlisle *v.* Burley.

It is objected, that the averment of property in the plaintiff is negatived by the action against the widow of the testator; which has been defaulted, and is now continued for judgment. The case cited from *Strange*, in support of this objection, shews that the property is changed by the recovery of damages. But judgment is not yet rendered, in the suit against the widow. It may be arrested; or the default may be taken off, at the discretion of the Court, and she may yet prevail in a trial upon the merits.

The debts having been paid, and the payment of the legacies, except one cow, being postponed by the testator, for the period of twelve years after the decease, unless it could be sooner done with convenience, the case finds that the personal property was suffered to remain on the farm; under an implied understanding that the defendant would pay the legacies. As the defendant is residuary legatee, if this had been done, the plaintiff might not have been able to sustain this action. But it has not been done. The property was not transferred by the executor; it was suffered to remain where it was, until the period should arrive, when it might be necessary for the payment of the legacies. The defendant was bailee of the property for the executor; and no action accrued against him, until after demand and refusal. The statute of limitations therefore is no bar.

As to the receipt given by the plaintiff to the defendant, it was proved at the trial that it had no relation to the property now in controversy.

The Court, being of opinion that the jury were properly instructed by the Judge, who presided at the trial, there must be judgment on the verdict.